GESSIN SCHACHTER LLP
Jesse Gessin (SBN 263889)
Michael Schachter (SBN 298610)
Jesse@gessinschachter.com
Michael@gessinschachter.com
Mailing: 806 E. Avenida Pico, Suite I-291
San Clemente, California 92673
Physical: 910 South El Camino Real, Suite 201
San Clemente, California 92672   Tel.: (949) 328-6629

Counsel for Defendant
MAHENDER MAKHIJANI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:26-mj-00387-DUTY |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO GOVERNMENT'S REQUEST FOR RECONSIDERATION AND REQUEST FOR IMMEDIATE RELEASE** |
| v. | |
| MAHENDER MAKHIJANI | |
| Defendant. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

"In our society, liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).  The Act's detention scheme satisfies due process only because of the procedural protections that accompany it, including the defendant's right to testify, to present witnesses, to cross-examine witnesses who appear, and to present information by proffer or otherwise, procedures "specifically designed to further the accuracy of th[e] determination." *Id.* at

1

751-52; 18 U.S.C. § 3142(f).

The Court has already applied these principles. After full consideration, it ordered Mr. Makhijani released on a $500,000 secured bond. The government now asks the Court to undo that order at a hearing convened for a different and narrow purpose, based apparently and purportedly on an unexplained and unsupported accusation that Mr. Makhijani lied to Pretrial Services. The government has refused, on the defense's immediate request, to identify a single false statement or to produce any evidence supporting its conclusory claim. And the asserted basis is not new: it is the Pretrial Services interview that was before the parties at the original hearing.

Setting aside any merits, which the defense cannot even begin to assess without any information from the government, the request fails for two independent reasons. First, by withholding the basis for its accusation, the government has denied Mr. Makhijani any meaningful opportunity to respond. Any reconsideration must therefore be deferred until the defense is told what it must answer, but that deferral should not delay the release the Court has already ordered, which can proceed on conditions now. Second, the government has presented no information that was "not known to the movant at the time of the hearing," 18 U.S.C. § 3142(f), and so has not met the threshold to reopen at all.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The government controlled the timing of this case. It arrested Mr. Makhijani in the early morning of June 10, 2026; by 6:53 a.m., government counsel reported that the arrest had already occurred. The government did not serve its detention motion, a seven-page memorandum, until after 1:00 p.m. that day, less than an hour before the detention hearing. The government appeared with two Assistant United States Attorneys and at least four agents. At least three Assistant United States Attorneys are assigned to this matter (Kevin Fu, Gregory Staples, and Erin Kiss).

Despite the government's last-minute filing, the Court gave the question careful consideration and ordered Mr. Makhijani released on a $500,000 secured bond. The

bond is secured by $450,000 from Deba Shyam, traceable to an insurance payment from Travelers to the Grothendieck Group by check dated May 1, 2026, and $50,000 from Mr. Makhijani's wife.  Release was stayed pending a source-of-funds hearing.

On the afternoon of June 11, 2026, the government advised the Court by email that, "[i]n addition" to the source-of-funds question, it would "ask the court to reconsider detention based on lies we believe defendant told pretrial services which we have determined since the hearing."  That email was sent at 4:23 p.m.  Twenty-five minutes later, at 4:48 p.m., defense counsel requested "discovery regarding the allegations the government intends to make tomorrow and the basis for those allegations."  As of the filing of this brief, the government has produced nothing in response.

The government also has not filed the application this District requires for reconsideration of a release order, which calls for a statement of the new information said to justify reconsideration.

## III. ARGUMENT

**A.    The Government's Refusal to Disclose the Basis for Its Accusation Denies Mr. Makhijani a Meaningful Opportunity to Respond.**

The Bail Reform Act guarantees the defendant the right "to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise."  18 U.S.C. § 3142(f).  These protections are what make pretrial detention constitutional.  *Salerno*, 481 U.S. at 751-52.  Their premise is that the defendant knows, and can test, the information offered against him.  As the Third Circuit held in remanding detention orders that denied that opportunity in the context of *in camera* evidence, "[i]nherent in this concept is the right to know what information is being submitted to the decisionmaker and the opportunity to challenge the reliability of the government's sources as well as provide contrary information."  *United States v. Accetturo*, 783 F.2d 382, 390-91 (3d Cir. 1986).

Here, the defense challenged the government's conclusory accusation within

twenty-five minutes and asked for its basis, and the government refused. The government cannot detain a presumably innocent person on a bare assertion that he lied while withholding which statements it means and what evidence it claims to have.

The government had every means to proceed properly. The Act permitted it to move to continue the detention hearing for up to three days. 18 U.S.C. § 3142(f) (as the Court explained to all parties at the beginning of the hearing). With two prosecutors and four agents present, it could have identified the statements and produced its support, or put an agent on the stand. It chose instead to spring an unsupported accusation on a hearing set for a different purpose. The remedy follows directly: the Court should require the government to identify the specific statements it contends are false and to produce the evidence supporting that contention, and should defer any reconsideration hearing until the defense has a fair opportunity to respond. An accusation the defense was given no opportunity to test is entitled to no weight.

Deferral, however, should not delay release. The Court has already ordered Mr. Makhijani released on conditions, and those conditions are satisfied. He should be released now and supervised while any properly noticed reconsideration proceeds.

**B.     The Government Has Presented No New Information and Has Not Met the Threshold to Reopen.**

A release order may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on flight or danger. 18 U.S.C. § 3142(f). This District construes that requirement strictly: a hearing "should not be reopened if the evidence was available at the time of the initial hearing." *United States v. Ward*, 63 F. Supp. 2d 1203, 1206-07 (C.D. Cal. 1999); *accord United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam) (affirming refusal to reopen where the information could have been obtained earlier).

The government's asserted basis fails that test. The supposed lies are statements in the Pretrial Services interview and report, which were before the parties and

available to the government at the original detention hearing.  Information already in the Pretrial Services report is not "information . . . that was not known to the movant at the time of the hearing."  18 U.S.C. § 3142(f).  If the government believed Mr. Makhijani's interview answers were false, it could have said so then, asked Pretrial Services, or moved for a short continuance to investigate.  It did none of these things, though it had two prosecutors and at least four agents in the courtroom.  A party that makes a strategic choice to forgo the continuance the statute provides does not get a second detention hearing once the first does not go its way.

The government's own conduct confirms the point.  It has not filed the application this District requires to reconsider a release order, which demands a statement of the new information relied upon, because there is no new information to state.  The threshold to reopen is not met, and the request should be denied.

### IV. CONCLUSION

For the foregoing reasons, Mr. Makhijani respectfully requests that the Court order his immediate release on the conditions already set and deny the government's request to reconsider detention.  In the alternative, if the Court is inclined to entertain reconsideration, the defense requests that the Court order the government to identify the specific statements it contends are false and to produce the evidence supporting that contention, and that any hearing be deferred to allow a meaningful opportunity to respond, without delaying Mr. Makhijani's release in the interim.

Respectfully submitted,

GESSIN SCHACHTER LLP

DATED:  June 12, 2026

By  /s/ Michael Schachter
MICHAEL SCHACHTER
Jesse Gessin
Counsel for Defendant Mahender Makhijani

5