GESSIN SCHACHTER LLP
Jesse Gessin (SBN 263889)
Michael Schachter (SBN 298610)
Jesse@gessinschachter.com
Michael@gessinschachter.com
Mailing: 806 E. Avenida Pico, Suite I-291
San Clemente, California 92673
Physical: 910 South El Camino Real, Suite 201
San Clemente, California 92672   Tel.: (949) 328-6629

Counsel for Defendant
MAHENDER MAKHIJANI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>        v.<br><br>MAHENDER MAKHIJANI<br><br><br>                 Defendant. | Case No. 8:26-mj-00387-DUTY<br><br>**DEFENDANT'S STATEMENT OF LAW REGARDING THE SCOPE OF THE *NEBBIA* SOURCE-OF-FUNDS HEARING**<br><br>**Hearing: June 18, 2026, 10:00 a.m.** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE STATUTORY SCOPE OF A SOURCE-OF-FUNDS INQUIRY IS STRICTLY LIMITED TO BAIL ADEQUACY

Under the Bail Reform Act, the Court's authority to conduct a source-of-funds hearing is highly specific.  The statute mandates that the Court shall inquire into the source of property offered as collateral and decline its use only if the property, "because of its source, will not reasonably assure the appearance of the person as required."  18 U.S.C. § 3142(g)(4).

1

District courts within the Ninth Circuit routinely authorize these hearings under this narrow statutory mandate. *United States v. Singh*, No. CR-17-00809-01-PHX-DLR, 2017 U.S. Dist. LEXIS 107235, at *2-3 (D. Ariz. July 11, 2017); *United States v. Sandoval*, No. CR-12-573-2-PHX-ROS-LOA, 2012 U.S. Dist. LEXIS 54900, at *2-3 (D. Ariz. Apr. 18, 2012). As established in the foundational case governing these proceedings, the inquiry is limited solely to determining "factors which might bear on the question of the adequacy of the bail" and "the ability of the surety to produce the defendant." *United States v. Nebbia*, 357 F.2d 303, 304 (2d Cir. 1966).

The exclusive goal of the Court is "to satisfy itself that there is more than just a financial assurance that a bailed defendant will appear in court when required," and to uncover information "regarding the motivation for a defendant to appear." *United States v. Fedullo*, 525 F. Supp. 1210, 1215 (D.N.J. 1981) (*quoting United States v. Ellis DeMarchena*, 330 F. Supp. 1223, 1226 (S.D. Cal. 1971)). Simply put, "The relevant inquiry for the court is whether the collateral property and other conditions of bond will reasonably insure defendant's appearances at future court proceedings." *United States v. Zigmond*, No. 15-cr-20283, 2015 U.S. Dist. LEXIS 104846, at *5 (E.D. Mich. Aug. 11, 2015).

## II. A *NEBBIA* HEARING CANNOT BE USED AS A PRETEXT TO INVESTIGATE A SURETY

Because the inquiry is strictly confined to bail adequacy, the Government cannot use a *Nebbia* hearing as a discovery tool to conduct a parallel criminal investigation into a surety who happens to be a "person of interest."

The narrow scope of a *Nebbia* hearing is consistent with how courts treat all bail-related proceedings under the Bail Reform Act. The Ninth Circuit has affirmed the district court's authority to severely limit the scope of cross-examination at pretrial hearings to prevent parties from delving into substantive investigatory matters. *See United States v. Winsor*, 785 F.2d 755, 756-57 (9th Cir. 1986) (holding that the refusal to allow cross-examination into the validity of an arrest did not violate due process

because the hearing's scope must remain bounded).

There is a strong national consensus that the "mandate for informality and the need for speed" in bail proceedings fundamentally precludes broad, investigative questioning. *See United States v. Davis*, 845 F.2d 412, 415 (2d Cir. 1988) (cautioning in a bail revocation context that hearings are "not to serve either as a 'mini-trial . . . or as a discovery tool'"). Because these proceedings are "typically informal," they cannot be transformed into "substitutes for trial or discovery." *See United States v. Abuhamra*, 389 F.3d 309, 321 n.7 (2d Cir. 2004) (addressing release pending sentencing) (internal quotation marks omitted); *see also United States v. Vane*, 117 F.4th 244, 251 (4th Cir. 2024) (emphasizing in a pretrial detention context that hearings are "not meant to be 'mini-trials'" (internal quotation marks omitted)); *United States v. Bartok*, 472 F. App'x 25, 28 (2d Cir. 2012) (warning against allowing bail revocation hearings to become discovery tools).

While the strict Federal Rules of Evidence do not apply to bail proceedings, *see* Fed. R. Evid. 1101(d)(3), this relaxation is designed to expedite the hearing by allowing proffers, not to strip the Court of its ability to control the courtroom. *See Vane*, 117 F.4th at 251. Accordingly, the Court's inherent authority—guided by the principles of Federal Rule of Evidence 611(a)—empowers it to restrict cross-examination to avoid wasting time and to "protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a)(3).

/ / /

/ / /

/ / /

3

## CONCLUSION

The Government cannot use a § 3142(g)(4) hearing as a backdoor to interrogate a "person of interest" regarding their broader criminal investigation.  The Court should exercise its discretion to strictly confine the Government's cross-examination to the statutory question: whether the source of the proffered collateral diminishes the surety's ability to reasonably assure the defendant's appearance.

Respectfully submitted,

GESSIN SCHACHTER LLP

DATED:  June 17, 2026

By  /s/ Michael Schachter

MICHAEL SCHACHTER
Jesse Gessin
Counsel for Defendant Mahender Makhijani

4