UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-mj-00387-DUTY                    Date:  June 20, 2025

Title:  *United States v. Mahender Makhijani*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|                    Kristee Hopkins                    |                    None Reported                    |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Government:          Attorney(s) Present for Defendant(s):
                 None Present                                             None Present

**Proceedings:        (IN CHAMBERS) ORDER AFTER NEBBIA HEARING**

Defendant Mahender Makhijani was arrested pursuant to a Warrant and Criminal Complaint alleging he committed Bank Fraud pursuant to 18 U.S.C. §§ 1344(1) and 2(b), in the amount of approximately $100 million.  At his initial appearance, the Government requested detention based on a serious risk of flight.  However, the Court set bail in the amount of $500,000 to be secured by real property or cash, in addition to other conditions.  After stating the desire for a Nebbia hearing should Defendant post bond, the Government requested and was granted a two-day stay of the bond decision so that it may appeal.  The next day, however, the Government withdrew the stay request.  Upon entry of the order lifting the stay, and without arranging with the Government and the Court to set a Nebbia Hearing, $500,000 was deposited with the Court as collateral for Defendant's bond.  Specifically, on June 11, 2016, Defendant's business associate, Mr. Deba Shyam deposited with the Court a $450,000 cashier's check as collateral for Defendant's bond.  The remaining $50,000 in cash collateral was deposited by Defendant's wife and is not challenged by the Government.

On June 12 and 18, 2026, at the Government's request, the Court held a hearing pursuant to United States v. Nebbia, 357 F.2d 303 (2nd Cir. 1966), to determine whether the source of Defendant's bond collateral is from a legitimate source that will reasonably assure the appearance of the Defendant as required for this case.

The Court heard testimony from two witnesses.  The Government called Esther Brunner, the executive assistant for Mr. Gerald Marcel, a member of Grothendieck

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-mj-00387-DUTY                    Date:  June 20, 2025

Title:  *United States v. Mahender Makhijani*

Group, LLC ("Grothendick"), who authenticated Government's Exhibit 5, a spread sheet reflecting that Mr. Marcel last received a distribution from Grothendieck for December 2024 in March 2025.

Defendant called Mr. Shyam who was questioned by the Court, the Government and Defendant's counsel.[1]  In relevant part, Mr. Shyam testified as follows: He is the Managing Member of Cantor Group Manager, LLC ("Cantor Group Manager"), which is the Manager of Grothendieck.  Grothendieck received a check in the amount of $617,496 from Travelers Insurance as payment on an umbrella insurance policy claim.  The check was deposited in Grothendieck's account, which also contained other funds, on or about May 21, 2026.  On June 11, 2026, $450,000 of these proceeds was used to purchase the Cashier's Check that was deposited with the Court by Mr. Shyam the same day.  Mr. Shyam testified that as the Managing Member of Grothendieck and Cantor Group Manager, he has the authority to use the money.  Mr. Shyam also testified that he has additional authority to use the money because Grothendieck owes Cantor Group Manager a Management Fee that exceeds $450,000 and Grothendieck owes him personally a Guaranty Fee that exceeds $450,000.  (Defendant's Exhibits 1, 2, 3, 4, 5 and 6.)

Through its examination, the Government elicited testimony from Mr. Shyam, in relevant part, reflecting that Grothendieck has not paid a distribution to its members for more than a year, and that Mr. Shyam is the defendant in a separate state court breach of contract case asserting he is in default on a $12 million loan.  (Government's Exhibits 1 and 13.)  However, the Government did not elicit evidence that any member of Grothendieck objects to the use of the insurance proceeds for Defendant's bond collateral or disputes the Management Fee or Guaranty Fee is owed.

The Court's examination elicited the following relevant testimony from Mr. Shyam: Grothendieck does not carry either the Management Fee or the Guaranty Fee as a liability on its balance sheet or 2020 Tax Return.  (Plaintiff's Exhibit 12.)  Instead, it

---

[1] The Court heard testimony for approximately three hours.  The only testimony reflected here is testimony the Court deems relevant and necessary to its decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-mj-00387-DUTY                                    Date:  June 20, 2025

Title:  *United States v. Mahender Makhijani*

was necessary for Mr. Shyam to calculate the fees owed separately based upon the Grothendieck Operating Agreement.  Similarly, Cantor Group Manager did not carry the Management Fee as an asset on its balance sheet.  Mr. Shyam also calculated the Guaranty Fee based on reference to a Promissory Note and Guaranty agreement. (Defendant's Exhibits 5 and 6.)  Mr. Shyam could not answer what portion of the $450,000 came from the Management Fee or the Guaranty Fee.

A Nebbia hearing may be held as part of the Court's bond analysis pursuant to 18 U.S.C. § 3142.  The statute provides in relevant part: "In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property. . . offered as collateral to secure a bond, and shall decline to accept the … use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required."  18 U.S.C. § 3142(g)(4). The goal of a Nebbia hearing is for the Court "to satisfy itself that there is more than just a financial assurance that a bailed defendant will appear in court when required. . . [I]f the security comes from an illegitimate source. . .  there is a paucity of moral force compelling a defendant to reappear."  United States v. DeMarchena, 330 F.Supp. 1223, 1226 (S.D. Cal. 1971).

Here, it is undisputed that under the Grothendieck Operating Agreement, Mr. Shyam would be entitled to a Guaranty Fee that exceeds $450,000 from Grothendieck and that, as the Managing Member of Cantor Group Manager, which is Grothendieck's Managing Member, he has authority to cause Grothendieck to pay it.  (Defendant's Exhibits 1, 5, and 6.)  However, Defendant has provided no specific evidence that the $450,000 cashier's check actually came from the Grothendieck insurance proceeds to pay Mr. Shyam's Guaranty Fee.  There is no evidence of the account in which the Travelers check was deposited.  There is no evidence of the account from which the Cashiers Check was sourced.  There is no evidence the $450,000 is actually attributed to the Guaranty Fee owed to Mr. Shyam by Grothendieck.  The same problems exist for the Management Fee.  Given the allegations in the Criminal Complaint, establishing an appropriate source of the collateral is necessary.  If the Court cannot determine that the source of the collateral is legitimate, there is a paucity of moral force compelling Mr. Makhijani to appear as required.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-mj-00387-DUTY                          Date:  June 20, 2025

Title:  *United States v. Mahender Makhijani*


On this record, without sufficient proof that the source of the funds is legitimate, the Court declines to accept the $450,000 cashier's check from Mr. Shyam as collateral for Defendant's bond.  Because it remains possible for Defendant to adequately establish the source of the funds, this declination is without prejudice.

**IT IS SO ORDERED.**


Initials of Clerk kh